UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO ANDRADE,<br><br>   Petitioner,<br><br>  v.<br><br>S. FRAUENHEIM,<br><br>   Respondent. | Case No. 8:18-cv-00959-JAK-JC<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), the parties' submissions in connection with petitioner's Motion for Stay and Abeyance ("Stay Motion"), and all of the records herein, including the November 1, 2019 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), and petitioner's objections thereto filed on February 13, 2020 ("Objections").

  The Court has made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections.

Petitioner complains that the Court has not given him sufficient warnings/ time to file "final motions" with the Court. (Objections at 1). This contention is frivolous. As the docket reflects, petitioner was granted eight extensions of time to file a Reply to respondent's Answer to the Petition (Docket Nos. 19, 21, 23, 25, 27, 29, 32, 34), four extensions of time to file a Reply to respondent's Opposition to the Stay Motion (Docket Nos. 39, 41, 47, 49) – the last of which advised petitioner that no further extensions of such deadline would be granted, yet was followed by further extension requests leading the Court to notify petitioner that if he wished to make further arguments to support his Stay Motion he could do so in any objections he might elect to file to the Report and Recommendation – and two extensions of time to file objections to the Report and Recommendation. Petitioner ultimately filed his Reply to the Answer on July 8, 2019, and his Objections to the Report and Recommendation on February 13, 2020, which presumably include any arguments petitioner might otherwise have intended to include in any reply to the Opposition to the Stay Motion. There are no other pleadings which require responses from petitioner.

In the Objections, petitioner appears to be attempting to raise for the first time additional unexhausted claims to support the Stay Motion, *i.e.*, ineffective assistance of trial and appellate counsel claims for failure to challenge the sufficiency of the evidence and failure to raise prosecutorial and judicial misconduct at trial and on appeal, and an Eighth Amendment challenge to his sentence. (Objections at 2-6, 8). The Court finds no cause to stay this action while petitioner exhausts these new claims because – like the other unexhausted claims addressed in detail in the Report and Recommendation – they are plainly meritless. Rhines v. Weber, 544 U.S. 269, 277-78 (2005); Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir.), cert. denied, 538 U.S. 1042 (2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). As explained in the Report and Recommendation, petitioner's Brady and sufficiency of the evidence claims are

without merit.  See Report and Recommendation at 13-16.  Accordingly, his trial and appellate counsel were not ineffective for failing to raise such meritless claims at trial or on appeal.  See Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996), cert. denied, 519 U.S. 1142 (1997).  Petitioner's appellate counsel raised on direct appeal a specific challenge to the trial court's denial of the new trial motion and motion to unseal juror information, so counsel was not deficient for failing to raise "judicial misconduct" claims.  See Objections at 3 (noting claims appellate counsel raised which includes the conduct petitioner complains about as "judicial misconduct").

      The jury convicted petitioner of twelve counts for sexually molesting three young girls by anal penetration, vaginal penetration, and groping/rubbing their buttocks, breasts, and vaginas.  (CT 315-23).  Petitioner's indeterminate sentence of 45 years to life for these offenses which he alleges involved "nothing but toachings [sic], squeezings [sic] and rubbing on the girls [sic] 'private parts'" (see Objections at 6), does not violate the Eighth Amendment.  "The Eighth Amendment, which forbids cruel and unusual punishments, contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'"  Ewing v. California, 538 U.S. 11, 20 (2003) (quoting Harmelin v. Michigan, 501 U.S. 957, 996-97 (1991) (Kennedy, J., concurring)); see also Lockyer v. Andrade, 538 U.S. 63, 72 (2003) (noting that under "clearly established" Eighth Amendment jurisprudence, "[a] gross disproportionality principle is applicable to sentences for terms of years").  However, "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case."  Andrade, 538 U.S. at 77; see also Rummel v. Estelle, 445 U.S. 263, 272 (1980) ("Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare.").  Petitioner's indeterminate sentence of 45 years to life is not grossly disproportionate, and his is not an "extraordinary case" of cruel and unusual punishment.  Andrade, 538 U.S. at 76; Ewing, 538 U.S. at

30-31. Similarly lengthy sentences for crimes less serious than petitioner's crimes have been upheld by the Supreme Court. See, e.g., Ewing, 538 U.S. at 29-31 (upholding 25 years to life sentence for recidivist convicted most recently of grand theft); Andrade, 538 U.S. at 76 (upholding sentence of two consecutive 25 years to life terms for recidivist convicted most recently of two counts of petty theft with a prior conviction); Harmelin, 501 U.S. at 996 (upholding sentence of life without the possibility of parole for first offense of possession of 672 grams of cocaine); see also Chan v. Martel, 2009 WL 1445898 (C.D. Cal. May 20, 2009) (sentence of ten consecutive indeterminate prison terms of 50 years to life was not grossly disproportionate for defendant convicted of ten counts of committing a forcible lewd act upon a child, and thus sentence was not constitutionally cruel and unusual).

In light of the foregoing, the Court approves and accepts the Report and Recommendation, overrules the Objections, and denies the Stay Motion.

IT IS SO ORDERED.

DATED: February 20, 2020

_____
John A. Kronstadt
United States District Judge